In The United States District Court
for The Western District of Missouri

United States of America

Plaintiff

v.

Joseph M. R. Roat

Defendant

REC'D MAY 28 2020

No. 6:15-CR-03076-RK (4)

Motion for Compassionate Release Under
 18 U.S.C. 3582 (c)(1)(A)(i)
And The First Step Act of 2018, S 3747 115th Congress
Based On The CARES Act and COVID-19
 Out Break And Pandemic in Part

Comes Now Joseph M. R. Roat, Defendant, pro se and hereby moves this Honorable Court for Compassionate Release and a sentence reduction and in support of states the following:

# BACKGROUND

1. Defendant was indicted by a Grand Jury sitting in the Western District of Missouri for the offense of Conspiracy To Distribute 100 Grams OR More of Heroin, in violation of Title 21:841 (A)(1), (B)(1)(B). Following a plea to guilty Defendant was convicted and subsequently sentenced to 72 Months.

## Argument and Authority

2. When Congress first enacted the Compassionate Release statute in 1984, it intended compassionate release to act as a second look provision to take place of federal parole, which Congress was abolishing. The problem was that congress gave the power to trigger a sentence reduction under the compassionate release statute to the Director of the federal Bureau of Prisons (BOP). The office of the Inspector General found that the BOP did not properly manage the compassionate release program which resulted in inmates who may be eligible candidates for release not being considered. Congress then passed, and President Trump signed,

the First Step Act of 2018, which among other things, changed the procedures and ultimately the criteria for when a person in federal prison can seek a Sentence Reduction under the compassionate release statute in 18 U.S.C. 3582(c)(1)(A)(i). Now, after changes made by the First Step Act, federal prisoners can file a motion for a sentence reduction, and federal district courts are authorized to reduce a sentence even if the BOP fails to respond or even in the face of BOP opposition to a sentence reduction. Under the First Step Act, Congress took the power that previously resided with the BOP Director to trigger and set the criteria for sentence reduction and transferred it to Article III courts. In United States v. Cantu, No. 1:05-CR-458-1, 2019 WL 2498923 (S.D. Tex. June 17, 2019), District Court Judge Marina Garcia Marmolejo resentenced Conrado Cantu to time served after finding that Cantu presented "Extraordinary and compelling reasons" for a sentence reduction under the compassionate release statute contained in 18 USC 3582(c)(1)(A).

Importantly, Judge Marmolejo held that the criteria contained in the sentencing guidelines for compassionate release was inconsistent with the changes that Congress made to the compassionate release statute in the first step act. Because of that conflict, she concluded:

Thus the correct interpretation of 3582(c)(i)(A) based on the text, statutory history and structure, and consideration of Congress ability to override any of the Commission's policy statements "at any time," Mistretta v United States 488 U.S. 361, 394 (1989) is that when a defendant brings a motion for a sentence reduction under the amended provision, the Court can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G 1B1.13 CMT. N. 1 (A)(C) warrant granting relief.

When Congress originally enacted 3582 in 1984, it intended for district courts to reduce sentences for prisoners on the basis of extraordinary and compelling reasons not limited to medical, family, or elderly circumstances.

Congress first enacted the modern form of the compassionate release statute contained in 18 USC 3582 as part of the Comprehensive Crime Control Act of 1984. The U.S. Sentencing Commission acted in 2007, promulgating a policy that extraordinary and compelling reasons includes medical conditions, age, family circumstances, and "other reasons." U.S.S.G. 1B1.13, application note 1(A). The commission also clarified that the extraordinary and compelling reasons "need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. U.S.S.G. 1B1.13 application note 2.

Reason for Granting Compassionate Release.

Covid-19 pandemic, this Forrest City Federal Prison is experiencing a COVID-19 outbreak and Defendant Joseph M. B. Roat has a immune system deficiency due to being Anemic causing a low blood cell count, causing a weak immune system. "Because of this he is at a higher risk of catastrophic outcome of death." The BOP's proposed plan is inadequate

to manage the pandemic within defendants correctional facility. Defendant is a young man and he is only accused of a non violent offense. The Forrest City federal prison that the defendant is housed at is located at Forrest City Arkansas P O Box 9000 - low, the prison is on lockdown and has been locked down for (2) two and a half months because of Covid-19 outbreaks. The CDC has advised everyone to socially isolate maintaining (6) six foot distance from one another. However, here at FCC it is not possible to adhere to the CDC's advice placing the defendant in a predicament. The cell defendant has to live in has two people living within a (7ft x 10ft) cell space. Approximately (4) housing units of 12 containing 150 inmates each resulting in 600 inmates has been tested so far resulting in 301 positive cases as well as 10 staff members.

The Medical facility is overflowing, the recreation building is housing Covid-19 patients, the visitation room area

is filled with Covid-19 patients and the BOP has erected 3 medical tents and placed them in the inner yard here at FCC yet the Warden has not begun to make it possible for inmates to self isolate. He has not begun to release anyone which is against the Attorney Generals advise. Further, section 12003(B)(2) of the Corona Aid, Relief, and Economic Security Act ("CARES ACT"), Pub. L. No. 116-136, enacted on March 27, 2020 permits BOP if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP, to "lengthen the maximum amount of time for which the director is authorized to place a prisoner in home confinement, the first sentence of section 3624(c)(2) of title 18, U.S. Code, as the director determines appropriate." On April 3, 2020 the Attorney General gave the Director of BOP the authority to exercise this discretion, beginning at the facilities that thus far have seen the most Corona Virus transmission—

Defendant has turned in a BP-9 to the warden asking for relief and is currently awaiting a reply.

### Rehabilitation and Past Release Activity

4. Defendant has participated in and completed numerous BOP programs including Diesel Mechanics at the Eastern Arkansas Community College as well as Parenting classes. Defendants mother is willing to drive to Forrest City Federal Prison to pick the defendant up and drive him to 210 North Pinewood Ave Republic, Missouri 65738 Ph# 417 299 6331, contact Carrie Roat. Defendants brother Cody Roat PH# 417 655 5048 plans to hire the defendant at Prime Trucking company. He also has plans to self isolate for 14 days upon release and to be tested for Covid 19.

### Conclusion

5. Based on all the factors set forth in 18 U.S.C. Sec 3553(a) and sec 3553(a)(2)(A) and 3553(a)(6) as well as the need for the defendant to

be able to self isolate as soon as possible, there exists extraordinary and compelling circumstances for a reduction of defendants sentence pursuant to 18 U.S.C. sec 3582 (c)(1)(A)(i). Defendant has demonstrated that he poses no current danger to the safety of any other person or to the community. Also defendant has submitted a request to the warden requesting compassionate release only to be advised not to do so, therefore defendant request that the court waive the exhaustion requirement in this case, see United States V Suviez 08-CR.287 (ARR) E.D.N.Y. April 10, 2020. "The court found that "Even where Administrative exhaustion is seemins Mandated by statue or decison law, the requirement is not absolute." See Washington V Barr 925 f 3z 109, 118 (2nd cir 2019) The court went on to say that "A court may waive administrative exhaustion requirements where exhaustion would be futile,... where the administrative process would be incabable of granting adquate relief...

[OR] where pursuing agency review would be subject [The person seeking Relief] undue prejudice. "[U]ndue delay, if in fact results in catastrophic consequences," can justify waiving an administrative exhaustion requirement for any of those three reasons. Id. at 120-21. Thus the administrative exhaustion requirement should be waived and defendants request for a sentence reduction should be granted and his sentence should be reduced to time served and or house arrest. Defendants release date is December 4th 2020 and should of been considered for Home Confinement 18 months prior to his release date and has not. Defendant ask that you please take all this into consideration.

Dated: May 18, 2020

Respectfully submitted
Joseph Roat
Joseph Roat
#27951-045
PO Box 9000 - Low
FCC Forrest City AR
Forrest City AR 72336