# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:15-03076-CR-RK |
| ) | |
| (4) JOSEPH M. ROAT, ) | |
| ) | |
| Defendant. ) | |

## ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE

Before the Court is Defendant Joseph M. Roat's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 368, 375.) Under the First Step Act, a court may reduce a term of imprisonment after an inmate has fully exhausted all administrative rights and upon finding extraordinary and compelling reasons for such sentence modification. The Court finds Defendant establishes he has exhausted his administrative remedies and both extraordinary and compelling reasons justify early release. For the reasons listed below, it is hereby **ORDERED** that Defendant's motion for compassionate release (Doc. 368, 375) is **GRANTED.**

### Background

In 2016, Defendant pled guilty to conspiracy to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin. (Doc. 170.). This Court sentenced Defendant to a seventy-two-month term of imprisonment, to be followed by a five-year term of supervised release. (Doc. 270). Defendant's expected release date is December 4, 2020. Defendant filed the instant motion for compassionate release on May 4, 2020, and supplemented the motion on June 25, 2020.

### Discussion

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, the Court may modify a defendant's term of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term

of imprisonment . . . after considering the factors set forth in section 3553(a) to the
extent that they are applicable, if it finds that . . . extraordinary and compelling
reasons warrant such a reduction . . . and that such a reduction is consistent with
applicable policy statements issued by the Sentencing Commission . . . .

Thus, to be entitled to relief under 18 U.S.C. § 3582(c)(1)(A)(i), Defendant must demonstrate the following: (1) that he has exhausted his administrative remedies; (2) that extraordinary and compelling reasons warrant a reduction of his sentence; and (3) that the sentencing factors outlined in section 3553(a) support release. *Id.*

### I. Exhaustion of Administrative Remedies

As required in 18 U.S.C. § 3582(c)(1)(A)(i), the defendant bears the burden of proving that they have "exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or that 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i); *see United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992). It appears Defendant has petitioned the BOP to reduce his sentence by submitting a BP-8 and a BP-9, Request for Administrative Remedy. (Doc. 375-1.) Well over 30 days have lapsed and Defendant has not received a reply from the warden of his facility. (*Id.*) Further, the Government, in their response, does not seem to argue Defendant failed to exhaust his administrative remedies. Therefore, the Court finds Defendant has exhausted his administrative remedies.

### II. Extraordinary and Compelling Reasons for Release

Defendant argues that extraordinary and compelling reasons exist because his medical conditions make him particularly susceptible to COVID-19. (Doc. 375). Defendant suffers from, chronic anemia, chronic viral hepatitis C, and prediabetes. (Doc.375-2 pp.7 22, 27, 29, 51, 65.) He argues that these ailments make him especially vulnerable to the coronavirus. (Doc. 375.) The Government argues Defendant's medical condition is not an extraordinary and compelling reason that warrants release because "[t]here is no evidence or claim that he is unable to provide self-care or perform daily living activities" and "the defendant's circumstance is not extraordinary in the context that many individuals across the nation are in the same or similar position as the defendant, and the defendant's medical condition remains the same whether he is released." (Doc. 376, p. 10). The Government's argument appears to be narrower than this Court's review. While anemia, hepatitis C, and prediabetes may not be debilitating conditions that alone would warrant release under normal circumstances, the ongoing pandemic requires additional considerations. The

Centers for Disease Control and Prevention (CDC) have consistently and unequivocally stated that these ailments put an individual at higher risk for severe illness from COVID-19.[1]

The Government also argues that the BOP's response to the COVID-19 pandemic warrants denial of Defendant's motion. The Court has no doubt the measures imposed by the BOP are intended to slow the spread of COVID-19 within prisons. However, there are thirty-nine confirmed, active inmate cases in FCI Forrest City, the facility Defendant is currently housed in (https://www.bop.gov/coronavirus, last accessed Aug. 5, 2020). Furthermore, the conditions of incarceration increase the likelihood of transmission of the virus. *United States v. Rodriguez*, No. 2:03-cr-00271-AB-1, 2020 WL 1627331, at *8 (E.D. Pa. Apr. 1, 2020) ("Detention facilities have even greater risk of infectious spread because of conditions of crowding, the proportion of vulnerable people detained, and often scant medical care.") (citation omitted)). The increased risk of transmission while incarcerated combined with Defendant's health conditions are concerning circumstances. These concerning circumstances, coupled with Defendant's fast approaching release date, elevate the strength of Defendant's request to meet the "extraordinary and compelling" standard under 18 U.S.C. § 3582(c)(1)(A)(i).[2]

To the extent the Government believes Defendant is a danger the community, the Court notes that Defendant has participated in many rehabilitation programs during his time in prison. (Doc. 375-5). Additionally, Defendant was sentenced to a five-year term of supervised release. (Doc. 270). The Court does not intend to modify Defendant's term of supervised release at this time. Defendant will be under the supervision of the United States Probation Office immediately upon release, and the Court believes this supervision will be sufficient to ensure Defendant is not a danger to the community.

Though the Court believes extraordinary and compelling reasons exist in this case, it is inclined to note this case presents the exception, rather than the norm. However, taken together,

---

[1] The CDC lists several underlying medical conditions that increase the risk of severe illness from COVID-19 including those who are immunocompromised, have been diagnosed with liver disease, or have been diagnosed with diabetes, and many others. *See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.* At least some, if not all, of Defendant's conditions fall into the above-listed categories.

[2] Defendant has served nearly his entire term of imprisonment and is four months away from his expected release date and nearly a month away from his scheduled halfway house placement. Requiring Defendant to remain in prison for a few more months makes a marginal difference to his punishment. However, as the wave of viral infections in this country continues and the number of infections climbs, the additional months of confinement could have a substantial impact on Defendant's health.

3

the Court is satisfied Defendant's health conditions, the higher likelihood of transmission in prison, and Defendant's proximity to his release date sufficiently constitute extraordinary and compelling reasons warranting a reduction in his sentence.

## Conclusion

Accordingly, it is **ORDERED** that Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Docs. 368, 375) is **GRANTED**. Defendant's custodial sentence in Case No. 15-03076-04-CR-S-RK is hereby reduced to time served. Upon his release from BOP custody, Defendant Roat will begin his five-year term of supervised release as previously set forth. (Doc. 270). The Court will enter an amended judgment separately to reflect Defendant's amended sentence and set forth all conditions of supervision that will apply to his release. The Court further directs the BOP to immediately commence the process of releasing Defendant from custody, and the United States Attorney's Office and United States Probation Office are directed to take all appropriate steps to communicate and facilitate his immediate release.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: August 5, 2020